UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SASHA RODRIGUEZ and | : | 07cv1866 (WWE) |
| CATHELYN GREGOIRE, | : | |
| on behalf of all persons similarly | : | |
| situated, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SLM CORPORATION and | : | |
| SALLIE MAE, INC., | : | |
| Defendants. | : | |

MEMORANDUM OF DECISION ON MOTION TO DISMISS
SECOND AMENDED COMPLAINT

        In this action, plaintiffs Sasha Rodriguez and Cathelyn Gregoire, on behalf of

themselves and the putative class, sue defendants Sallie Mae Incorporated and SLM

Corporation for violation of the Equal Credit Opportunity Act ("ECOA") and the Truth in

Lending Act ("TILA") stemming from allegedly discriminatory policies for the underwriting

of private student loans.  In a prior ruling, this Court dismissed plaintiffs' TILA claim

without prejudice and instructed plaintiffs to amend the complaint to plead with

particularity their claim that equitable tolling applies.  After plaintiffs filed a second

amended complaint, defendant Sallie Mae filed another motion to dismiss.  For the

following reasons, the motion to dismiss will be granted.

BACKGROUND

        For purposes of ruling on this motion, the Court takes the facts alleged in the

complaint to be true.  The Court incorporates herein the facts recited in this Court's prior

ruling.  The Court provides only the facts relevant to the TILA and equitable tolling

claims.

Sallie Mae failed to disclose adequately that additional fees would be charged on

the loan.  The additional fees included a "prepaid finance" charge, "disbursement" fee,

"repayment" fee, insurance premium, or "supplemental" fee.  Sallie Mae also violated

TILA by failing to provide a statement of the consumer's right to obtain, upon written

request, a written itemization of the amount financed.

Sallie Mae waited to make disclosures required by TILA until plaintiffs and class

members had already begun classes or until their schools had received the loan funds,

at which time plaintiffs and class members had no choice but to accept the loan terms or

forego school for a semester.  Often, Sallie Mae failed to disclose fully the loan terms to

an applicant.

Although the students might have found the required information online, Sallie

Mae would not allow students to manage their loans online until after the student had

received the borrowed funds.  Sallie Mae's late disclosure denied plaintiffs and class

members the ability to compare various credit terms available to them.

Sallie Mae failed to train its agents to explain to students the manner in which

their loan terms would be disclosed.  Sallie Mae encouraged its agents to confuse

borrowers when inquiries were made.

Plaintiffs attempted to discover all of the relevant terms and conditions of their

loans by reviewing the loan documents they received, and by communicating with their

respective schools and with Sallie Mae by email, telephone and the loan management

website.  Nevertheless, plaintiffs remained unaware that they were entitled to more complete and thorough disclosures of the loan terms.

A borrower of student loans does not learn the terms of a loan until that loan goes into repayment six months after the student leaves school or graduates.

Rodriguez, whose loans went into repayment status in September 2005, sought information from Sallie Mae by phone, email and website management.  However, she was given no information or incomplete documentation.  She attempted to contact her school for financial aid information and was unable to obtain a proper response.  She also spoke to similarly-situated friends who had experienced the same lack of information.

Gregoire asked for information concerning the loan and loan terms from her financial aid office, which had a close relationship with Sallie Mae.  She sought disclosure from her school and Sallie Mae by email, and she regularly used Sallie Mae's loan management website.

Plaintiffs assert that the dates of inquiries occurred prior to the origination dates of the loans.  Plaintiffs allege that they could not discover the nature of TILA violations until "shortly before the filing of this action" on December 18, 2007.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.

3

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  The complaint is sufficient if the well-pleaded factual allegations plausibly give rise to an entitlement to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**TILA**

In its prior ruling, this Court found plaintiffs' TILA claims untimely because the one-year statute of limitations had run prior to the December 2007 filing of this action.[1] However, plaintiffs counter that equitable tolling based on fraudulent concealment applies to delay the commencement of the running of the statute of limitations.  Plaintiffs' allegations of fraudulent concealment are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) and must be stated with particularity.  Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 582 (2d Cir. 2005).

In order to satisfy Federal Rule of Civil Procedure 9(b), a complaint must: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent.  Antian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999).  Plaintiffs may make general allegations of malice, intent, knowledge or other state of mind, but the facts must give rise to a strong inference of fraudulent intent. Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  The purpose of the specificity requirement is: (1) to ensure that a complaint provides defendant with fair

---

[1]See 15 U.S.C. § 1640(e)

4

notice of the plaintiffs' claim; (2) to safeguard defendant's reputation from improvident charges; and (3) to protect defendant from a strike suit.  O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).

For the federal doctrine of fraudulent concealment to apply, plaintiffs must show: (1) that defendant engaged in a course of conduct to conceal evidence of defendant's alleged wrong-doing; and (2) that plaintiffs failed to discover the facts giving rise to their claim despite their exercise of due diligence.  Pettola v. Nissan Motor Acceptance Corp., 44 F. Supp. 2d 442, 450 (D. Conn. 1999).  Plaintiffs must show that they exercised due diligence during the relevant time period and that defendant's act of fraudulent concealment frustrated discovery of their cause of action.   Id.

This Court has already ruled that plaintiffs have adequately alleged that defendant took steps to conceal relevant information to students by (1) encouraging its agents to confuse borrowers when inquiries were made; (2) not allowing students to manage their loans online, where they may have had access to the required TILA information; and (3) training its sales force to avoid disclosure of the loan terms.

Plaintiffs' complaint asserts further that they could not ascertain their cause of action until just prior to filing this action due to such concealment, and that their attempts to discover relevant information were blocked by Sallie Mae's deceptive tactics such as training and encouraging its sales force to confuse plaintiffs and not to disclose the required TILA information.

In this instance, plaintiffs do not dispute that they had received TILA disclosures related to their loans.  In their amended complaint, plaintiffs allege that they made inquiries about their loan terms but were unaware that they were entitled to more

5

complete and thorough disclosures of the loan terms.   Plaintiffs assert that the concealment continues to this day.

"The exercise of reasonable diligence is determined by examining the nature of the misleading statements alleged, the opportunity to discover the misleading nature of the statements, and the subsequent actions of the parties." Kennedy v. Josephthal & Co., 814 F.2d 798, 803 (1st Cir. 1987).

Here, plaintiffs' allegations fail to state with particularity their efforts to discover the nature of their claimed TILA violations.  Although plaintiffs allege that they could not obtain adequate or full information from Sallie Mae regarding their loans, plaintiffs fail to indicate what questions plaintiffs asked and how the requested information would have revealed the inadequacy of the prior TILA disclosures.  It remains unclear how either plaintiff eventually ascertained that the alleged TILA cause of actions existed shortly before filing this action.

Plaintiffs argue that it is unreasonable to expect that college students such as plaintiffs could determine which terms were required by TILA to be disclosed.  However, a plaintiff's lack of legal expertise will not toll the statute of limitations until the time that a plaintiff seeks legal advice. See Moore v. OneWest Bank, F.S.B., 2009 WL 3270181 (E.D. Mich. 2009) (rejecting argument that plaintiff could not have ascertained illegal lending practices until she sought legal advice).  Accordingly, the Court finds that plaintiffs' allegations are not sufficient to state a claim of fraudulent concealment and will dismiss the TILA allegations based on the bar of the relevant statutes of limitations.  The Court will not afford plaintiffs another leave to amend because it appears that they cannot cure the deficiency to their pleading.

6

**CONCLUSION**

For the foregoing reasons, the motion to dismiss [Doc. #107] is GRANTED.

Plaintiffs are instructed to amend the complaint to delete the TILA count consistent with

this ruling within fifteen days of this ruling's filing date.

_____/ s /_____
Warren W. Eginton, Senior U.S District Judge


Dated this _10th_ day of November 2009 at Bridgeport, Connecticut.