UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                                    :
SASHA RODRIGUEZ, et al              :
                                    :
                                    :
v.                                  :   CIV. NO. 3:07CV1866 (WWE)
                                    :
SLM CORPORATION                     :
and SALLIE MAE, INC.                :
                                    :
                                    :
                                    :
                                    :
```

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION **[Doc. #237]**

The Court has treated plaintiffs' "Appeal and Objection under Local Rule 72.2 seeking reconsideration of April 5, 2010 Order of Magistrate Judge Fitzsimmons, pursuant to 28 U.S.C. §636(b)(1)(A)" [doc # 237] as a Motion for Reconsideration, pursuant to D. Conn. L. Civ. R. 7(c).

Plaintiffs are concerned that the information submitted by defendants to justify their refusal to answer plaintiffs' Second Set of Requests for Admission, dated August 10, 2009, based on the attorney-client and work product privileges, was not disclosed to plaintiffs. Defendants moved for a protective order [doc. #213] and filed a redacted version with a Motion to Seal the unredacted version [doc. #212]. Plaintiffs sought an extension of time to respond to the Motion to Seal [doc. #216], which would have required the Court to inspect the defendants' filing in camera, determine whether any of it should be disclosed

1

to plaintiffs, and then wait for plaintiffs to respond to the
Motion to Seal in light of any parts of the Motion for Protective
Order found to be disclosable to the plaintiffs.  The
undersigned's failure to address this intermediate step is the
basis on which plaintiffs contend that they were denied a "fair
opportunity to contest the claim of privilege and work product
protection." [Doc. #237 at 9].

The submitted documents <u>were</u> reviewed and a determination
made that there were no substantive portions which could have
been disclosed to plaintiffs without undermining the defendants'
claims of privilege.  The defendants supplied only a few
documents which supported the assertion of privilege by
establishing that litigation was anticipated and that steps were
taken to enable counsel to provide legal advice concerning the
anticipated, and subsequently pending, litigation. Disclosure of
these documents would necessarily have revealed the subject
matter on which the defendants were seeking legal advice. As
plaintiffs were aware, the supporting declaration for the motion
came from defendants' in-house counsel, which enabled the court
to assess the privilege claims under applicable law. This is not
the type of document to which the privilege log rules apply and,
by its terms, clearly established that the declarant was acting
in her capacity as a legal adviser in the circumstances
described. Plaintiffs candidly admitted that affirmative answers
to the Requests for Admission at issue would likely lead to
requests that defendants produce any documents supporting the

response; however, the undersigned reviewed no such documents.

To the extent plaintiffs seek a ruling on whether any of the information submitted in support of the Motion for Protective Order was disclosable to plaintiffs, this Court now explicitly determines that it was not.

For the reasons stated in the Court's April 5, 2010 memorandum of decision [doc #234], the Court adheres to its previous ruling after reconsidering it in light of the plaintiffs' request for reconsideration.  Based on the existing record, the Court has determined that compelling defendants to respond to the Requests for Admission as propounded would require the disclosure of information protected by defendants' attorney-client and work product privileges.

However, if the plaintiffs were to limit the scope of their Requests for Admission to the time frame alleged in the Third Amended Complaint during which plaintiffs Rodriguez and Gregoire were applying for students loans[1], the Court currently has no basis for concluding that responses would implicate these privileges or be subject to a protective order on that basis.

Accordingly, construing plaintiffs' Motion to "Appeal and Objection under Local Rule 72.2 seeking reconsideration of April

---

[1]"Between October 2003 and March 2005, Ms. Rodriguez borrowed a total of $19,500 in private student loans to fund her education and her loans went into repayment status as of September 2005." Third Amend. Compl. at ¶48; "In approximately May or June of 2003, Ms. Gregoire began the loan application process . . .  Thereafter, in approximately September 2003 . . . Sallie Mae approved a $14,276 CEC Signature Loan and disbursed the funds to the school." Third Amend. Compl. at ¶61.

5, 2010 Order of Magistrate Judge Fitzsimmons, pursuant to 28

U.S.C. §636(b)(1)(A)" **[doc #237]** as a Motion for Reconsideration

pursuant to D. Conn. L. Civ. R. 7(c).  The Motion for

Reconsideration is **GRANTED** and upon reconsideration the Court

adheres to its previous ruling.

    This is not a recommended ruling.  This is a discovery

ruling and order which is reviewable pursuant to the "clearly

erroneous" statutory standard of review.  28 U.S.C. § 636

(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of

the Local Rules for United States Magistrate Judges.  As such, it

is an order of the Court unless reversed or modified by the

district judge upon motion timely made.


    SO ORDERED at Bridgeport this 1st day of July 2010.


                         _____/s/_____
                         HOLLY B. FITZSIMMONS
                         UNITED STATES MAGISTRATE JUDGE