**EXHIBIT A**

**TO MOTION FOR PRELIMINARY APPROVAL**

**OF SETTLEMENT AGREEMENT**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement" or "Settlement") is entered into by and between Sasha Rodriguez and Cathelyn Gregoire (together, "Plaintiffs" or "Class Representatives"), for themselves and the Settlement Class (as defined herein), on the one hand, and Sallie Mae, Inc. ("Sallie Mae") and SLM Corporation ("SLM") (together, "Defendants"), on the other hand, in the action titled <u>Rodriguez, et al. v. Sallie Mae, Inc., et al.</u>, United States District Court for the District of Connecticut (the "Court"), Case No. 3:07-cv-01866-WWE (the "Action").

## I.     RECITALS

The following recitals are material terms of this Agreement, and all terms are used as defined herein. This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.     On December 17, 2007, Plaintiffs filed the original Complaint in the Action, alleging that Defendants engaged in discriminatory practices in the underwriting or origination of private student loans made to minority borrowers, in violation of the Equal Credit Opportunity Act ("ECOA") (15 U.S.C. § 1691, <u>et seq</u>.) and the Civil Rights Act (42 U.S.C. §§ 1981 and 1982), and failed to provide adequate disclosure of loan terms to those borrowers, in violation of The Truth in Lending Act ("TILA") (15 U.S.C. § 1601, <u>et seq</u>.). More particularly, Plaintiffs alleged in their Complaint that, among other matters, Defendants used certain school-specific factors, including, but not limited to, the Cohort Default Rate, to discriminate against them in the underwriting and/ or pricing of their private student loans on the basis of their race and/or national origin, in violation of 42 U.S.C. section 1981 and 42 U.S.C. section 1982 and ECOA. Defendants have denied the allegations of Plaintiffs' Complaint, specifically denying the material allegations of liability and wrongdoing, and Defendants also have raised various legal and affirmative defenses.

B.      On July 17, 2008, Plaintiffs filed a First Amended Class Action Complaint.   On March 6, 2009, the Court dismissed Plaintiffs' TILA claim with leave to amend.

C.      On March 23, 2009, Plaintiffs filed a Second Amended Class Action Complaint. On November 10, 2009, the Court dismissed Plaintiffs' TILA claim with prejudice.

D.      On November 25, 2009, Plaintiffs filed a Third Amended Complaint, which is the operative Complaint in the Action.

E.      SLM is a holding company and the parent of Sallie Mae, and has consistently taken the position throughout the Action that it was improperly named as a defendant since it does not originate or underwrite student loans.  On September 16, 2008, SLM filed a motion for summary judgment on the grounds that it did not originate or underwrite Plaintiffs' loans, and had no dealings with Plaintiffs, and Plaintiffs therefore lacked standing to pursue claims against SLM.  On June 24, 2009, the Court took the motion off calendar, without prejudice, to permit Plaintiffs to take discovery.

F.      Defendants vigorously deny all claims asserted against them in the Action, deny all allegations of wrongdoing and liability and deny all material allegations of the Third Amended Complaint.  Defendants desire to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing this litigation.

G.      Plaintiffs have engaged in substantial discovery to evaluate the merits of their claims and of Defendants' defenses, and also to determine whether their claims are appropriate for class treatment.  Plaintiffs have investigated to their satisfaction various facts and sufficiently analyzed the legal issues surrounding the Released Claims (as defined herein), including through extensive written discovery, document production and depositions.

H.      This Agreement resulted from, and is the product of, approximately thirteen months of mediation, discussions and negotiation.  Over the course of those months, Class Counsel and counsel for Defendants have engaged in extensive, good faith, arm's length negotiations concerning the possible settlement of the Action, including, without limitation, by

participating in multiple in-person mediation sessions before The Honorable Layn R. Phillips (Ret.) of JAMS. The last of these in-person sessions occurred on March 28, 2011. In addition, the parties conducted more than twenty telephonic conferences through the mediator's office, culminating in the execution of a detailed Term Sheet. The parties also provided a number of detailed mediation submissions to Judge Phillips during the negotiations, setting forth their respective views as to the strengths of their claims and defenses. All of these efforts assisted the parties in reaching the Settlement, as set forth in this Agreement.

I.      Based on the investigation and negotiation described above, Class Counsel have taken into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of the Action, and the substantial benefits to be provided pursuant to this Agreement, and concluded that a settlement with the Released Parties (as defined herein) on the terms set forth in the Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class.

J.      The parties understand, acknowledge and agree that the execution of this Agreement constitutes the Settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement and is not an admission of any wrongdoing or liability on the part of any party to this Agreement. It is the parties' desire and intention to effect a full and final settlement and resolution of all existing disputes and claims as set forth herein.

K.      The Settlement contemplated by this Agreement is subject to preliminary and final approval by the Court, as set forth herein. This Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

L.      The parties agree that the Action was resolved in good faith, following arm's length bargaining presided over by a neutral and highly experienced mediator, and that the Settlement reflected herein confers substantial benefits upon the parties and the Settlement Class.

## II.    DEFINITIONS

A.      "Class Counsel" means Christa L. Collins of the law firm of Christa L. Collins, LLC, and John A Yanchunis of the law firm of James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A.

B.      "Class Notice" means the "Notice of Settlement of Class Action," substantially in the form of Exhibits A-1 and A-2 hereto.

C.      "Cy Pres Distribution" means monies that will be distributed in connection with the Settlement, pursuant to Section III B(2), below.

D. "Defendants' Counsel" means the law firm of Stroock & Stroock & Lavan LLP.

E.      "Effective Date" means ten (10) days following the date on which all of the following have occurred:

1.      the Court enters a Preliminary Approval Order, as defined below, substantially in the form of Exhibit B hereto;

2.      the Court enters a Final Approval Order and Judgment, as defined below, substantially in the form of Exhibit C hereto; and

3.      the Court's Judgment becomes Final, as defined below.

F.      "Final," with respect to the Judgment, means the later of:  (1) the day following the date on which the Final Order and Judgment is no longer subject to review by appeal or otherwise, if no notice of appeal or similar motion or notice is filed; or (2) if any such notices or motions are filed, on the day following the date on which the Final Approval Order and Judgment is not subject to further judicial review whether by appeal, reconsideration or petition for writ of certiorari and, if certiorari is granted, the date of final affirmance following review pursuant to the grant.  Any proceeding or order, or any appeal or petition for a writ of certiorari, pertaining solely to application for attorneys' fees and costs by Class Counsel or incentive awards by Plaintiffs, shall not in any way delay or preclude the Judgment from becoming Final.

LA 51416668

G.       "Final Approval Hearing" means the hearing at or after which the Court will make a final decision whether to approve the Settlement set forth in this Agreement as fair, reasonable and adequate.

H.       "Final  Order and Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, which shall be substantially in the form of Exhibit C hereto.

I.       "Plaintiffs" or "Class Representatives" means Sasha Rodriguez and Cathelyn Gregoire.

J.       "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the proposed Settlement and approving the form and manner of notice to Settlement Class Members, which shall be substantially in the form of Exhibit B hereto.

K.       "Released Claims" means the releases identified in Section III I.

L.        "Released Parties" means the individuals and entities identified in Section III I.

M.       "Settlement Administrator" means Rust Consulting, Inc., subject to approval by the Court.

N.        "Settlement Class" means all African American, Hispanic and Native American individuals for whom Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation underwrote or originated a private student loan from September 15, 2003 through the date of preliminary approval of the Settlement (the "Class Period").

O.       "Settlement Class Member" means a person who is a member of the Settlement Class.

## III.       TERMS OF SETTLEMENT

A.       <u>Conditional Certification Of Settlement Class</u>.  Defendants dispute that a class would be manageable and further deny that a litigation class properly could be certified on the claims asserted in the Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the conditional certification of the

Settlement Class for settlement purposes only. Conditional certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendants be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved. If the Settlement is terminated or is not finally approved by the Court for any reason whatsoever, the conditional certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any certification proceedings in the Action. No agreements made by or entered into by Defendants in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements of class certification in any certification proceedings, whether in the Action or any other judicial proceeding.

      B.    <u>Settlement Consideration</u>. Pursuant to this Agreement, as full and complete consideration for the Settlement and in exchange for the releases set forth below, Sallie Mae will contribute the monetary relief and implement the practices, disclosures and provision of information, as set forth in this Section.

      1.    Monetary Consideration

      (a)    Within ten (10) days after the Effective Date, Sallie Mae will make a cy pres contribution in the amount of $500,000 to be divided equally between the United Negro College Fund and the Hispanic College Fund, for the purpose of providing scholarships to students pursuing higher education and for the purpose of credit education.

      (b)    Sallie Mae will agree not to oppose an application for attorneys' fees and expenses in an amount not to exceed $1,800,000.

      (c)    Sallie Mae will agree not to oppose an application for incentive awards to Plaintiffs, in an amount not to exceed $3,000 each.

      It is understood by all parties, however, that any fee and expense award remains within the sole discretion of the Court, and whatever determination is made in that regard does not give

rise to any grounds for rescinding or renegotiating this Settlement. The Settlement shall not in any way be contingent upon the Court awarding the full amounts requested as incentive awards or attorneys' fees and expenses. Further, the attorneys' fees and expenses for Class Counsel were not negotiated in the mediation, or otherwise, until after the parties had negotiated the consideration and benefits to the Settlement Class and the other material terms of the Settlement.

2.     Prospective Relief Consideration

(a)     As previously agreed with Plaintiffs during the course of the settlement negotiations, Sallie Mae did not use the CDR in underwriting or originating private student loans from March 2010 through March 2011. Sallie Mae further agrees not to use the CDR in underwriting or originating private student loans prior to July 1, 2011. Sallie Mae agrees that, with respect to its future underwriting or origination criteria, it is fully subject to its legal obligations including any applicable civil rights laws.

(b)     Sallie Mae will provide certain disclosures and/or information, as generally described below, for the benefit of potential borrowers on its website related to the underwriting or origination factors used in setting interest rates and fees on private student loans. These disclosures/information will not include any confidential or proprietary information. These disclosures/information will remain on Sallie Mae's website, www.salliemae.com, for a period of no less than 3 years, running from the Effective Date.

(i)     On its Homepage for private student loans, Sallie Mae will include a clickable icon- "Important Things to Know About Private Student Loans." This icon will link to a page containing the following information:

- A statement that approval and pricing of private student loans are based on a number of factors, including credit score;

- A narrative comparison of the differences between federal loans and private student loans, along with an illustration of these differences;

- A statement that borrowers should consider the availability of federal student loans and grants before applying for private student loans;

- Description of the underwriting or origination factors used in setting interest rates and fees on private student loans;

- Reference to the Education Investment Planner, for so long as Sallie Mae includes it on the website, in its sole discretion; and

- Information on the consequences of student loan default.

(ii)   To the extent that Sallie Mae resumes use of the CDR prior to March 29, 2013, Sallie Mae will for a period of 2 years, running approximately from the date of resumption, include the following information on its website:

- On the "Important Things to Know About Private Student Loans" page referred to above:

  1.  information that school choice can affect loan rates and terms, including that the higher the default rate of the school attended, the higher the cost of the student loan; and

  2.  a statement that borrowers should educate themselves about the CDR for the school they are considering and that CDR information can be obtained from the Department of Education.

C.    Preliminary Approval.  Plaintiffs will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that:  (1) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable, and within the reasonable range of possible final approval; (2) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (3) appoint Sasha Rodriguez and Cathelyn Gregoire as Class Representatives; (4) approve the form and manner of Class Notice and find that the notice procedure set forth herein constitutes

-8-

the best notice practicable under the circumstances, is due and sufficient notice to the Settlement

Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

(5) approve Rust Consulting, Inc. as the Settlement Administrator; (6) direct that Class Notice be

provided, in accordance with the Settlement, within 30 days following entry of the Preliminary

Approval Order; (7) establish a procedure for Settlement Class Members to object to the

Settlement and set a date following entry of the Preliminary Approval Order after which no one

shall be allowed to object to the Settlement or seek to intervene in the Action; (8) pending final

determination of whether the Settlement should be finally approved, bar all Settlement Class

Members, either directly, on a representative basis or in any other capacity from commencing or

prosecuting against any of the Released Parties any action, arbitration or proceeding in any court,

arbitration forum or tribunal asserting any of the Released Claims; (9) pending final

determination of whether the Settlement should be finally approved, stay all proceedings in the

Action except those related to the effectuation of the Settlement; and (10) schedule a Final

Approval Hearing.

   D. <u>Class Notice</u>.  Defendants will cause Class Notice to be published, in both English

and Spanish, within 30 days following entry of the Preliminary Approval Order, once each in the

national editions of Ebony Magazine and People Magazine, Spanish Language Edition, as well

as the Native American Times.  All costs associated with the provision of Class Notice will be

paid by Defendants.  Should a dispute arise as to the notice program, and the parties cannot

informally resolve such dispute, the parties will submit the dispute to Judge Phillips or another

neutral, as set forth below in Section III N.

   E. <u>Objections To The Settlement</u>.

1.     Any Settlement Class Member may present a written objection(s), if he or she has any, explaining why the Settlement should not be approved as fair, reasonable and adequate, or why attorneys' fees and expenses to Class Counsel should not be awarded in the amounts requested.  Any Settlement Class Member who wishes to object to any aspect of the Settlement must serve written objection(s) on Class Counsel, Defendants' Counsel and the Settlement Administrator by first-class mail, no later than 30 days after Class Notice is provided by publication.  The written objections(s) must include: (a) a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his/her objection(s); (b) the Settlement Class Member's name, address and telephone number; (c) any other supporting papers, materials or briefs the Settlement Class Member wishes the Court to consider when reviewing the objection(s); (d) information identifying the individual objecting as a member of the Settlement Class; and (e) a statement of whether the objector or his or her lawyer will ask to appear at the final approval hearing to talk about his or her objections.

2.     Settlement Class Members may raise an objection on their own or through attorneys hired at their own expense.  If a Settlement Class Member hires an attorney to represent him or her, the attorney must:  (a) file a notice of appearance with the clerk of court no later than 30 days after Class Notice is provided by publication, or as the Court otherwise may direct;  (b) serve a copy of the notice and objection on Class Counsel, Defendants' Counsel and the Settlement Administrator by first-class mail, no later than 30 days after Class Notice is provided by publication, and otherwise comply with the requirements outlined in the Class Notices attached as Exhibits A-1 and A-2 hereto.

F.    Confirmatory Discovery.  Plaintiffs will have up to 90 days from the execution of the Term Sheet on March 28, 2011 to complete reasonable confirmatory discovery.  The parties further acknowledge that substantial discovery already has been conducted in the action.  Should a dispute arise as to the reasonableness of the streamlined discovery, the parties will submit the dispute to Judge Phillips or another neutral, as set forth below in Section III N.

G.    Final Approval.  Following the provision of Class Notice, Plaintiffs will move the Court for entry of the Final Approval Order and Judgment and awards of attorneys' fees and costs to Class Counsel and incentive awards to Plaintiffs.  The Final Approval Order and Judgment will specifically include provisions that:  (1) finally approve the Settlement as fair, reasonable and adequate and in the best interests of the Settlement Class; (2) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (3) finally certify the Settlement Class; (4) confirm that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from commencing, asserting, prosecuting or continuing any of the Released Claims against the Released Parties; and (5) dismiss the Action with prejudice to give effect to the agreed releases  contained in Section III I, below, subject to retention of jurisdiction over the enforcement of the terms of this Agreement.

H.    Awards.  Any award of attorneys' fees and expenses to Class Counsel and/or incentive awards to Plaintiffs will be paid within 14 days of the Effective Date.  If Class Counsel's application for attorneys' fees and expenses described in Section III B(1) is approved by the Court, Class Counsel will be paid as follows:

1. $927,900.00 will be paid to James, Hoyer et. al., Class Counsel and counsel for Sasha Rodriguez.

2. $873,100.00 to Christa L. Collins, LLC, Class Counsel and counsel for Cathelyn Gregoire.

I. <u>Releases</u>. Upon occurrence of the Effective Date, releases will be provided by Plaintiffs and the Settlement Class Members, as follows:

> Plaintiffs and each Settlement Class Member, on behalf of themselves and each of their respective past, present and future heirs, executors, administrators, trustees, custodians, representatives, agents, attorneys, insurers and assigns, and any person or entity acting on their behalf, by operation of the Judgment, will be deemed to have fully and finally released and forever discharged Sallie Mae, Inc. and SLM Corporation and all other subsidiaries or affiliates of SLM Corporation that underwrote or originated private student loans during the Class Period, and each and all of their respective past, present and future officers, directors, employees, agents and representatives, attorneys, insurers, shareholders, independent contractors, vendors and assigns, and all persons and entities acting for or on its or their behalf (collectively, the "Released Parties"), from any and all demands, claims, causes of action, duties, obligations or liabilities for injunctive and declaratory relief, whether based on intentional or disparate impact discrimination, and whether arising under local, state or federal law, Constitution, statute, contract, law, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling) or case law, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, that have been, or could have been, asserted by Plaintiffs and the Settlement Class, or their agents, representatives, successors or assigns, in the Action or any other proceeding or forum arising out of or relating in any way to the use of any school specific pricing criteria, including but not limited to the Cohort Default Rate published by the Department of Education, in the underwriting or origination of private student loans (collectively, the "Released Claims"). The Released Claims shall not include any claims or causes of action for monetary relief or money damages, if any, held by Plaintiffs or Settlement Class Members.

2. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained herein, become effective. This

-12-

paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

3.      Plaintiffs and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

J.      <u>Stay/Bar Of Other Proceedings</u>.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted final approval, the parties agree not to pursue any claims or defenses otherwise available to them, and no Settlement Class Member, either directly, on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The proposed Preliminary Approval Order will contain an injunction enjoining the commencement or prosecution of Released Claims by Settlement Class Members or persons purporting to act on their behalf pending final approval of the Settlement.  The Settlement will be conditioned upon the entry of such an injunction.

LA 51416668

K.     Termination/Failure To Secure Approval.  In the event that the Settlement is not approved by the Court, or fails to become effective for any reason, the parties shall be returned to their respective positions in the Action as of the time they executed the Agreement, as if no Settlement had been negotiated or entered into.  In such event, the terms and provisions of this Agreement and any documents relating to it shall have no further force and effect with respect to the parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc.

L.     Confidentiality.  It is agreed that, within 30 days after conclusion of all proceedings in the Action and all appeals therefrom, the originals and all copies of all confidential or highly confidential documents and/or information subject to all confidentiality agreements and any protective orders in the Action shall be returned to the designating party.

M.     No Publicity Beyond Notice Procedure.  Neither Class Counsel, their agents or Plaintiffs will issue press releases or make other public statements regarding the Settlement or its terms and/or the Action, including on any website.  Neither Class Counsel, their agents or Plaintiffs will make a statement of any kind to any third party regarding the Settlement or its terms, and/or the Action, prior to applying for preliminary approval, with the exception of any communications with the Settlement Administrator.  The parties may make public statements (1) to the Court as necessary to obtain preliminary or final approval of the Settlement, or (2) as required by law.  This provision shall not prohibit Class Counsel from communicating with any Settlement Class Member, or person seeking admission to the Settlement Class, regarding the Action or the Settlement; provided, however, that Class Counsel must comply with the Stipulation re Confidentiality and Protective Order in the Action in communicating with such persons and will not disclose information that is not a part of the public record.  Class Counsel, their agents and Plaintiffs each shall refrain from disparaging any of the Released Parties or taking any action designed or reasonably foreseeable to cause harm to the public perception of

-14-

any of the Released Parties regarding any issue related in any way to the Action or the Settlement.

N.    ADR Component.  If any disputes arise out of the finalization of the settlement documents or the Settlement itself, including with respect to confirmatory discovery, those disputes will be resolved by Judge Phillips, first by way of expedited telephonic mediation, and if unsuccessful, by way of final, binding, non-appealable resolution.  Should Judge Phillips be unavailable to resolve any settlement related disputes, the parties will mutually agree upon a neutral to resolve their disputes on an expedited basis.  If the parties cannot agree upon another neutral, the Court will select such neutral or will itself resolve the disputes on an expedited basis.

O.    General Matters.

1.    Future Changes In Laws Or Regulations.  To the extent Congress or any other relevant regulatory authority promulgates requirements under ECOA, TILA or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control.

2.    No Admission Of Liability.  It is expressly declared that the Released Parties deny any liability and are settling solely to avoid the cost and inconvenience of litigation.

3.    Settlement Communications.  Any pleadings submitted or statements made in furtherance of the Settlement reflected in this Agreement by the parties are settlement communications subject to Federal Rule of Evidence 408.  In the event final approval of the Agreement cannot be achieved, the parties agree that nothing contained in the Agreement, any subsequent writings intended to implement the Agreement, or any pleadings or oral or written statements submitted or made by the parties in negotiations regarding, pursuant to, or in furtherance of the Agreement, may be used, quoted, referenced, or admitted in any litigation or proceeding that is unrelated to the consummation or approval of the Agreement.

4.    Evidentiary Preclusion.  Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to

be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be a waiver of Defendants' right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class. In addition, neither the fact of, nor any documents relating to, any withdrawal by Defendants from the Settlement, any failure of the Court to approve the Settlement and/or any objections to the Settlement or interventions in the Action may be used as evidence for any purpose whatsoever. The Released Parties may file the Agreement and/or the Final Approval Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

        5. <u>Parties Authorized To Enter Into The Agreement</u>. Each person executing this Agreement on behalf of a party represents and warrants that he or she is fully authorized to execute the Agreement on such party's behalf and to carry out the obligations provided for therein. Each party represents and warrants that he, she, or it intends to be bound fully by the terms of this Agreement.

        4. <u>No Construction Against Drafter</u>. This Agreement is deemed to have been drafted by all parties, and any rule that a document shall be interpreted against the drafter will not apply to the Agreement.

        5. <u>Agreement Binding On Successors In Interest</u>. This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the parties.

LA 51416668

6. _Signatures_. The parties and their counsel may sign separate copies of this Agreement, which together will constitute one agreement. In addition, signatures sent in pdf format by email or by facsimile constitute sufficient execution of the Agreement.

7. _Execution In Counterparts_. This Agreement is effective upon its execution by all parties. The parties may execute the Agreement in counterparts. Each counterpart shall be deemed to be an original and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument.

8. _Entire Agreement_. This Agreement contains the entire agreement between the parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of the Agreement. This Agreement may be amended or modified only by a written instrument signed by all parties or their successors in interest or their duly authorized representatives.

9. _Enforcement_. Without affecting the finality of the Judgment entered in accordance with this Agreement, the Court shall retain exclusive and continuing jurisdiction over the parties, including all Settlement Class Members, and the matters set forth in the Agreement, including the implementation and enforcement of the Agreement. All parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

P. _Miscellaneous Provisions_.

1. Each and every exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein.

2. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of the Agreement.

3. Each party to this Agreement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in

reliance upon any warranty or representation, express or implied, of any nature or kind by any other party.

4.      This Agreement has been carefully read by each of the parties, or their responsible officers thereof, and its contents are known and understood by each of the parties. The Agreement is signed freely by each party executing it.

5.      No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands, or cause or causes of action disposed of by the Agreement.

6.      In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalid, illegal or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, dated as of _____, 2011.


PLAINTIFF SASHA RODRIGUEZ


_____
                Sasha Rodriguez

APPROVED AS TO FORM AND CONTENT:

Dated:  _____, 2011

JAMES, HOYER, NEWCOMER, SMILJANICH
& YANCHUNIS, P.A.


By: _____
                John Yanchunis
            Attorney for Sasha Rodriguez
                and Co-Lead Counsel

LA 51416668

PLAINTIFF CATHELYN GREGOIRE


_____
Cathelyn Gregoire

APPROVED AS TO FORM AND CONTENT:

Dated: _____, 2011

CHRISTA L. COLLINS, LLC


By: _____
Christa L. Collins
Attorney for Cathelyn Gregoire
and Co-Lead Counsel


DEFENDANT SALLIE MAE, INC.


By: _____

Its: _____

DEFENDANT SLM CORPORATION


By: _____

Its: _____

APPROVED AS TO FORM:

Dated: _____, 2011

STROOCK & STROOCK & LAVAN LLP


By: _____
Lisa M. Simonetti
Attorneys for Defendants Sallie Mae, Inc. and
SLM Corporation

-19-

reliance upon any warranty or representation, express or implied, of any nature or kind by any other party.

4.    This Agreement has been carefully read by each of the parties, or their responsible officers thereof, and its contents are known and understood by each of the parties. The Agreement is signed freely by each party executing it.

5.    No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands, or cause or causes of action disposed of by the Agreement.

6.    In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalid, illegal or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, dated as of $\boxed{5}23$, 2011.

PLAINTIFF SASHA RODRIGUEZ

_____
Sasha Rodriguez

APPROVED AS TO FORM AND CONTENT:

Dated: $\boxed{5}.23$ . , 2011

JAMES, HOYER, NEWCOMER, SMILJANICH & YANCHUNIS, P.A.

By: _____
        John Yanchunis
        Attorney for Sasha Rodriguez
        and Co-Lead Counsel

-18-

PLAINTIFF CATHELYN GREGOIRE

_____
Cathelyn Gregoire

APPROVED AS TO FORM AND CONTENT:

Dated: May 23rd, 2011

CHRISTA L. COLLINS, LLC

By: _____
Christa L. Collins
Attorney for Cathelyn Gregoire
and Co-Lead Counsel

DEFENDANT SALLIE MAE, INC.

By: _____

Its: _____

DEFENDANT SLM CORPORATION

By: _____

Its: _____

APPROVED AS TO FORM:

Dated: _____, 2011

STROOCK & STROOCK & LAVAN LLP

By: _____
Lisa M. Simonetti
Attorneys for Defendants Sallie Mae, Inc. and
SLM Corporation

-19-

PLAINTIFF CATHELYN GREGOIRE


_____
Cathelyn Gregoire

APPROVED AS TO FORM AND CONTENT:

Dated: _____, 2011

CHRISTA L. COLLINS, LLC

By: _____
Christa L. Collins
Attorney for Cathelyn Gregoire
and Co-Lead Counsel

DEFENDANT SALLIE MAE, INC.


By: _____

Its: _____

DEFENDANT SLM CORPORATION


By: _____

Its: _____

APPROVED AS TO FORM:

Dated: _____, 2011

STROOCK & STROOCK & LAVAN LLP


By: _____
Lisa M. Simonetti
Attorneys for Defendants Sallie Mae, Inc. and
SLM Corporation

-19-

PLAINTIFF CATHELYN GREGOIRE


_____
                Cathelyn Gregoire

APPROVED AS TO FORM AND CONTENT:

Dated: _____, 2011

CHRISTA L. COLLINS, LLC


By: _____
                Christa L. Collins
           Attorney for Cathelyn Gregoire
              and Co-Lead Counsel

DEFENDANT SALLIE MAE, INC.

By: _____     5/23/11

Its: _____
     Senior Vice President and Deputy General Counsel

DEFENDANT SLM CORPORATION

By: _____     5/23/11

Its: _____
     Senior Vice President and Deputy General Counsel

APPROVED AS TO FORM:

Dated: _____, 2011

STROOCK & STROOCK & LAVAN LLP


By: _____
                Lisa M. Simonetti
        Attorneys for Defendants Sallie Mae, Inc. and
                 SLM Corporation

-19-

PLAINTIFF CATHELYN GREGOIRE


_____
Cathelyn Gregoire

APPROVED AS TO FORM AND CONTENT:

Dated: _____, 2011

CHRISTA L. COLLINS, LLC


By: _____
Christa L. Collins
Attorney for Cathelyn Gregoire
and Co-Lead Counsel


DEFENDANT SALLIE MAE, INC.


By: _____

Its: _____

DEFENDANT SLM CORPORATION


By: _____

Its: _____

APPROVED AS TO FORM:

Dated: ⨍ 9·1 ﹥3 , 2011

STROOCK & STROOCK & LAVAN LLP


By: _____
Lisa M. Simonetti
Attorneys for Defendants Sallie Mae, Inc. and
SLM Corporation

-19-

EXHIBITS

The following Exhibits are attached hereto and incorporated by reference pursuant to

Section _____:

| | |
|---|---|
| Class Notice | A-1, A-2 |
| Preliminary Approval Order | B |
| Final Approval Order and Judgment | C |

LA 51416668

**EXHIBIT A-1**

**TO**

**SETTLEMENT AGREEMENT**

**AND RELEASE**

| | | |
|---|---|---|
| **SASHA RODRIGUEZ and CATHELYN GREGOIRE, on behalf of all persons similarly situated** | ) ) ) | **CASE NO. 3:07-CV-01866** |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **vs.** | ) | **CLASS ACTION** |
| | ) | |
| **SALLIE MAE, INC. and SLM CORPORATION** | ) ) | |
| | ) | **May __, 2011** |
| **Defendants.** | ) | |

_____

### NOTICE OF PROPOSED SETTLEMENT
### OF A CLASS ACTION LAWSUIT
_____

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer. You are not being sued.*

**If you are an African American, Hispanic or Native American individual for whom Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation underwrote or originated a private student loan between September 15, 2003 and _____, 2011 (the date of Preliminary Approval of the Settlement), you are part of the Settlement Class and should read this notice.**

### A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS

*Please read this Notice carefully and fully.*

This Notice is intended to inform Settlement Class Members about the terms of a proposed Settlement of a pending legal action and the rights that may be affected as a result of the Settlement. This Notice describes the benefits provided to Settlement Class Members by the proposed Settlement. This Notice also describes the steps Settlement Class Members must take to object to the proposed Settlement.

QUESTIONS? CALL TOLL-FREE 1-___-___-_____ OR VISIT WWW._____.COM
PARA UNA NOTIFICACION EN ESPANOL, LLAMAR OR VISITOR NUESTRO WEBSITE

LA 51416672

## GENERAL OVERVIEW OF THE NOTICE

- There is a proposed Settlement of a class action lawsuit against Sallie Mae, Inc. and SLM Corporation (together, "Defendants"). In this action, the Settlement Class Representatives, Sasha Rodriguez and Cathelyn Gregoire (together, "Plaintiffs" or "Class Representatives"), challenge certain practices relating to the underwriting or origination of private student loans. Plaintiffs generally allege that, when Defendants used a factor called the "cohort default rate" in its underwriting or origination criteria, the result was that African American, Hispanic, and Native American borrowers received less favorable loan terms. Defendants deny these allegations in their entirety. Plaintiffs and Defendants have agreed to settle this action in order to avoid the burden, expense and uncertainty of litigation.

- This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations or the merits of the claims or defenses asserted in this case. The Court has not made any rulings on the merits of the claims or defenses.

- You are included in the proposed Settlement as a Settlement Class Member if you are an African American, Hispanic, or Native American individual in the United States for whom Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation originated a private student loan between September 15, 2003 and_____, 2011 (the date of Preliminary Approval of the Settlement).

- Whether you act or not, your legal rights are affected by the proposed Settlement. Your rights and options – and the deadlines to exercise them – are explained in this Notice. Please read this Notice carefully and in its entirety.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT: | | |
|---|---|---|
| **YOUR RIGHTS AND OPTIONS** | **WHAT THEY MEAN** | **DEADLINES** |
| OBJECT | Write to the Court about why you don't like the proposed Settlement. To find out how to object, please read Paragraph 14. | Postmarked on or before _____ __, 2011 |
| GO TO A HEARING | Write to ask to speak in Court about the fairness of the proposed Settlement. For more information, please read Paragraphs 15-17. | Postmarked on or before _____ __, 2011 |
| DO NOTHING | You are not required to take any action to receive the benefits of the proposed Settlement. If the proposed Settlement is finally approved, you will be bound by the Court's Final Judgment and the release of claims explained in the Settlement Agreement. | None. |

- The Court still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

Page

**BASIC INFORMATION**...................................................................................................**4**

    1. Does this Notice apply to me?.................................................................4

    2. What is this lawsuit about?.....................................................................4

    3. Why is this lawsuit a class action? .......................................................4

    4. Why is there a proposed Settlement? ...................................................5

**WHO IS IN THE PROPOSED SETTLEMENT?** ..............................................**5**

    5. How do I know if I am part of the proposed Settlement? ....................5

    6. Are there exceptions to being included? ..............................................5

    7. I'm still not sure if I am included. .......................................................5

**THE PROPOSED SETTLEMENT BENEFITS** ...................................................**6**

    8. What benefits does the proposed Settlement provide?.........................6

    9. When will the proposed Settlement go into effect? .............................6

    10. How does the proposed Settlement affect my rights? ........................6

    11. Can I choose not to be in the proposed Settlement?...........................7

**THE LAWYERS REPRESENTING YOU** ...........................................................**7**

    12. Do I have a lawyer in this case?.........................................................7

    13. How will the lawyers be paid?  What will the Class Representatives receive?....7

**OBJECTING TO THE PROPOSED SETTLEMENT** .........................................**8**

    14. How do I tell the Court if I don't agree with the proposed Settlement? ..............8

**THE COURT'S FINAL APPROVAL HEARING** ...............................................**10**

    15. When and where will the Court decide whether to finally approve the proposed Settlement?..............................................................10

    16. Do I have to come to the hearing?.....................................................10

    17. May I speak at the hearing?...............................................................11

**IF YOU DO NOTHING** ....................................................................................**11**

    18. What happens if I do nothing at all?..................................................11

**GETTING MORE INFORMATION**..................................................................**11**

    19. How do I get more information? .......................................................11

## 1. Does this Notice apply to me?

If you are an African American, Hispanic or Native American individual in the United States for whom Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation originated a private student loan between September 15, 2003 and _____(the date of Preliminary Approval of the Settlement), you are a member of the Settlement Class.

This Notice informs you about the proposed Settlement and your rights. The proposed Settlement will be finally approved after any objections or appeals are resolved. If the proposed Settlement is finally approved, you will benefit from the relief provided by the proposed Settlement. Once the proposed Settlement is final, you will also be bound by the release and other provisions of the proposed Settlement.

This Notice is only a summary of the proposed Settlement. More details about the proposed Settlement, the Effective Date, the deadlines and your options are available in a longer document called the Settlement Agreement. You can get a copy of the Settlement Agreement by visiting www.rodriguezsettlement.com.

The lawsuit is known as <u>Rodriguez, et. al v. Sallie Mae, Inc., et. al.</u>, United States District Court, District of Connecticut, Case No. 3:07-cv-01866, and the Honorable Warren W. Eginton is in charge of this lawsuit.

## 2. What is this lawsuit about?

Plaintiffs challenge certain practices relating to the underwriting or origination of private student loans. Plaintiffs generally allege that, when Defendants used a factor called the "cohort default rate" in its underwriting or origination criteria, the result was that African American, Hispanic, and Native American borrowers received less favorable loan terms. Defendants deny these allegations in their entirety and deny that they did anything wrong. After years of litigation, the parties entered into mediation to try to work out their differences. The mediation was conducted by former United States District Judge Layn R. Phillips. Plaintiffs and Defendants have agreed to settle claims for injunctive and declaratory relief relating to the use of the cohort default rate, or other school specific pricing criteria, in order to avoid the burden, expense and uncertainty of further litigation. The case will be dismissed if the Settlement is approved by the Court, however, no other claims in the litigation are being resolved or released, including claims for monetary relief.

## 3. Why is this lawsuit a class action?

Class actions seek to bring similar claims of a group of people together in one case before one court. The plaintiffs who bring the case are called "Class Representatives" or "Named Plaintiffs." They have their names listed in the title of the case. Here, the Class Representatives filed this case as a proposed class action. When the parties reached this proposed Settlement, the Court had not decided whether the case could proceed as a class action.

As part of the proposed Settlement, the Defendants agreed to allow the case to be a class action under Federal Rule of Civil Procedure 23(b)(2), but only for settlement purposes. The Court certified a tentative class action under Rule 23(b)(2) for settlement purposes only. If the proposed Settlement is not finally approved, then the Court will later determine if the case may proceed as a class action.

-4-

QUESTIONS? CALL TOLL-FREE 1-___-___-____ OR VISIT WWW._____. COM
PARA UNA NOTIFICACION EN ESPANOL, LLAMAR OR VISITOR NUESTRO WEBSITE

LA 51416672

## 4. Why is there a proposed Settlement?

The Court has not decided which side is right or wrong in this case. Instead, both sides agreed to the proposed Settlement to avoid the costs and risks of a lengthy trial and appeals process.

The parties also agreed to participate in mediation. This is a formal way people get together to see if they can resolve disputes with the help of a court-approved professional, called a "mediator." From February, 2010 until March, 2011, an experienced mediator conducted several lengthy in-person sessions with the parties, as well as numerous conferences by telephone. The Class Representatives and the lawyers representing the Settlement Class believe that the proposed Settlement is best for all Settlement Class Members. The Court in charge of this lawsuit has granted preliminary approval of this proposed Settlement, and ordered that this Notice be published to explain it.

# WHO IS IN THE PROPOSED SETTLEMENT?

## 5. How do I know if I am part of the proposed Settlement?

You're included in the proposed Settlement if you are an African American, Hispanic or Native American individual in the United States for whom Sallie Mae, Inc. or another affiliate or subsidiary of SLM Corporation originated or underwrote a private student loan between September 15, 2003 and _____(the date of Preliminary Approval of the Settlement). Other underwriters or originators of private student loans covered by the proposed Settlement are: Sallie Mae Servicing LP; SLM DE Corporation; Sallie Mae Bank; SLM Financial Corporation; Nellie Mae Corporation; Student Loan Finance Association – Washington, Inc.; Student Loan Finance Association, Inc.; Sallie Mae Education Trust; SLM Education Loan Corporation; AMS Education Loan Trust; Academic Management Services Corporation; and HICA Education Loan Corporation. The release of the claims in the proposed Settlement includes other entities and persons, too, and is set forth in the Settlement Agreement.

## 6. Are there exceptions to being included?

Federal judges and members of their immediate families are excluded from the Settlement Class. Also excluded are officers and directors of the Defendants.

## 7. I'm still not sure if I am included.

If you are still not sure whether you are included in the Settlement Class, you can call toll-free 1-___-___-____ or visit www.rodriguezsettlement.com for more information.

# THE PROPOSED SETTLEMENT BENEFITS

## 8. What benefits does the proposed Settlement provide?

The proposed Settlement benefits for Settlement Class Members fall under the category of "prospective relief." The Settlement Agreement requires Defendants to provide certain disclosures and/or information regarding the underwriting or origination factors they use in setting interest rates and fees on private student loans. These disclosures and/or information will be provided for a period of at least three (3) years on the private student loan homepage of Sallie Mae's website via a link titled "Important Things to Know about Private Student Loans." Defendants also have not used the cohort default rate in the underwriting or origination of private student loans since March 2010, and will not do so until at least July 1, 2011. If Defendants resume use of the cohort default rate before March 29, 2013, Defendants will provide additional disclosures and/or information on Sallie Mae's website for a period of two (2) years. Furthermore, Defendants have agreed to make a cy pres contribution in the amount of $500,000 to be divided equally between the United Negro College Fund and the Hispanic College Fund for the purpose of providing scholarships to students pursuing higher education and for the purpose of credit education.

The proposed Settlement also contemplates a service award for both Plaintiffs in an amount not to exceed $3,000 each. This service award is subject to Court approval.

In addition, the proposed Settlement contemplates that Defendants will pay attorneys' fees and costs to the Plaintiffs' lawyers in an amount up to $1,800,000. This award is subject to Court approval.

Defendants further have agreed to pay all costs associated with providing notice to the Settlement Class of the proposed Settlement

**No Settlement Class Members will have to pay or buy anything to benefit from the prospective relief provided by the proposed Settlement.**

## 9. When will the proposed Settlement go into effect?

The Court will hold a final approval hearing on _____ __, 2011, to decide whether to approve the proposed Settlement. Even if the Court approves the proposed Settlement, there could be appeals. The time for an appeal varies and could take more than a year.

The Effective Date is the date when all appeals are completed, and the proposed Settlement becomes final. You can visit the Class Settlement website at www.rodriguezsettlement.com, after _____ __, 2011, to check on the progress of the Court-approval process and the Effective Date. Please be patient.

The proposed Settlement will go into effect 30 days after the Effective Date.

## 10.      How does the proposed Settlement affect my rights?

In general terms, if the proposed Settlement is finally approved by the Court, you will be giving up the right to file a lawsuit against any released party for injunctive and declaratory relief with respect to the use of school specific

pricing criteria, including the cohort default rate, in loan underwriting or origination. No other claims are being resolved or released, including for claims for money damages.

The precise terms of the dismissal and release are explained in Section III of the Settlement Agreement, which you can view on the Class Settlement Website, www.rodriguezsettlement.com.

The Court's final approval order will apply to you even if you objected or have any other claim, lawsuit or proceeding pending against any released party with respect to the subject of this action. If you have any questions about the release, you should visit www.rodriguezsettlement.com for more information, or consult with a lawyer.

| 11. | Can I choose not to be in the proposed Settlement? |
|---|---|

No. There is no right to opt out of this settlement if it is approved by the Court. The proposed Settlement requires the Defendants not to use the cohort default rate in originating private student loans from March 2010 through July 1, 2011, to provide certain disclosures with regard to private student loans and to make a cy pres contribution. As explained above, this type of remedy is "prospective." Therefore, under this type of class action, you cannot exclude yourself from the Settlement Class or this proposed Settlement.

But, as explained above, you still have the right to file a lawsuit against either Defendant for actual money damages that you can show are due.


## THE LAWYERS REPRESENTING YOU

| 12. | Do I have a lawyer in this case? |
|---|---|

Yes. The Court approved the following lawyers to represent you and other Settlement Class Members:

- JOHN A. YANCHUNIS of the law firm of JAMES, HOYER, NEWCOMER, SMILJANICH & YANCHUNIS, P.A., in Tampa, Florida; and

- CHRISTA L. COLLINS, of the law firm of CHRISTA L. COLLINS LLC, in St. Petersburg, Florida.

These lawyers are called Class Counsel. The Court has appointed John A. Yanchunis and Christa Collins as Co-Lead Class Counsel.

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13. | How will the lawyers be paid?  What will the Class Representatives receive? |
|---|---|

Class Counsel will ask the Court to approve attorneys' fees and expenses of $1,800,000 for the years of time and effort they have spent on this case. Defendants will pay the fees approved by the Court in the time and manner explained in the Settlement Agreement.

Class Counsel will also ask the Court to approve an incentive award of $3,000 to each of the Class Representatives for the time and resources they have put into representing you since the case began in 2007.

The Court must approve both the attorneys' fees for Class Counsel and the incentive awards for the Class Representatives.  Defendants will pay the approved amounts, and no Settlement Class Member will owe or pay anything for incentive awards, attorneys' fees and costs.

## OBJECTING TO THE PROPOSED SETTLEMENT

| 14. | How do I tell the Court if I don't agree with the proposed Settlement? |
|---|---|

If you're a Settlement Class Member, you can object to the proposed Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must mail your objection letter to all of the following:

*Rodriguez, et. al v. Sallie Mae Class Action Litigation*
United States District Court for the District of Connecticut
BRIEN McMAHON FEDERAL BUILDING
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

### AND

Rodriguez Litigation Settlement
John A Yanchunis
c/o JAMES, HOYER, NEWCOMER, SMILJANICH & YANCHUNIS, P.A.
One Urban Centre, Suite 550
4830 W. Kennedy Blvd., Tampa, FL 33609

### AND

Rodriguez Litigation Settlement
Christa L. Collins
c/o CHRISTA L. COLLINS, LLC
1780 102nd Ave. N., Suite 100
St. Petersburg, FL 33716

### AND

Rodriguez Litigation Settlement
STROOCK STROOCK & LAVAN, LLP
Lisa M. Simonetti, Esq.
2029 Century Park East
Los Angeles, CA 90067

## **AND**

*Rodriguez, et. al v. Sallie Mae Class Action Litigation*
Settlement Administrator
Rust Consulting, Inc.
625 Marquette Avenue, Suite 880
Minneapolis, MN 55402

Your letter must be postmarked by _____ __, 2011.  Your objection letter must include all of the following:

- The name of the case:  Rodriguez, et. al v. Sallie Mae, Inc., et. al., United States District Court, District of Connecticut, Case No. 3:07-cv-01866;

- Your name, address, and telephone number;

- A statement of your objection, as well as the specific reasons, if any, for each objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention and any evidence that the Settlement Class Member wishes to introduce in support of his/her objection(s);

- Any other supporting papers, materials or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection;

- Information identifying the individual objecting as a member of the Settlement Class; and

- A statement of whether you or your lawyer will ask to appear at the final approval hearing to talk about your objections.

 If you employ a lawyer to prepare your objection, then, in addition to the required contents listed above, the objection letter must also include:

- A section detailing the lawyer's experience with class actions, the capacity in which the lawyer participated in each class action case (e.g. plaintiffs', defendants' or objectors' counsel), and the outcome of each case;

- If the lawyer has previously represented objectors in a class case, then the lawyer must detail the disposition or effect that any objection had on each class case and how much the lawyer was paid for the representation of each objector in each class case; and

- Even if you employ a lawyer to prepare the objection, you must still personally sign the objection letter. By signing the objection letter, you are attesting that you discussed the objection with the lawyer and have fully reviewed the objection letter.

If you or your lawyer asks to appear at the final approval hearing, in addition to providing the above information, you must also do the following:

- Identify the points you wish to speak about at the hearing;

- Enclose copies of any documents you intend to rely on at the hearing;

- State the amount of time you request for speaking at the hearing; and

- State whether you intend to have a lawyer speak on your behalf.

If you intend to have a lawyer represent you, your lawyer must enter a written notice of appearance of counsel with the Clerk of Court no later than _____ __, 2011.

For more information about the final approval hearing, see Paragraphs 15, 16, and 17 below.

Unless you submit a proper and timely written objection that complies with these requirements, you will not be allowed to object, appear at the final approval hearing or appeal the final approval of the proposed Settlement, the dismissal of the case, the Court's award of attorneys' fees and expenses to Class Counsel or the Court's incentive awards to the Class Representatives.

## THE COURT'S FINAL APPROVAL HEARING

### 15. When and where will the Court decide whether to finally approve the proposed Settlement?

The Court will hold a final approval hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you don't have to do either one.

The final approval hearing will be on _____ __, 2011, at _____ __.m., before Judge Warren W. Eginton in his courtroom in the United States District Court for the District of Connecticut, BRIEN McMAHON FEDERAL BUILDING, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604.

**Do not write or call the judge or the clerk concerning this Notice or this case.**

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable and adequate. If there are timely and proper objections, the Court will consider them. The Court will listen to people who have asked for permission to speak at the hearing and complied with the requirements for objections explained in Paragraph 14.

The Court may also decide how much to award Class Counsel and the Class Representatives. After the hearing, the Court will decide whether to finally approve the proposed Settlement. There may be appeals after that. The parties do not know how long these decisions will take.

The Court may change the date of the final approval hearing without further notice to the Settlement Class. You should check the website, www.rodriguezsettlement.com, after _____ __, 2011 to check on the hearing date, the Court approval process and the Effective Date.

### 16. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. You may also pay your own lawyer to attend, but it is not necessary. If you want to have a lawyer appear on your behalf at the final approval hearing, your lawyer must enter a written notice of appearance with the Clerk of the Court no later than _____ __, 2011, and must comply with all of the requirements explained in Paragraph 14.

If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it.

-10-

QUESTIONS? CALL TOLL-FREE 1-___-___-____ OR VISIT WWW._____. COM
PARA UNA NOTIFICACION EN ESPANOL, LLAMAR OR VISITOR NUESTRO WEBSITE
LA 51416672

| **17.** | **May I speak at the hearing?** |

You or your lawyer may ask the Court for permission to speak at the final approval hearing. To do so, you must tell the Court in your objection letter that you or your lawyer would like to speak at the hearing. You must also comply with all of the requirements explained in Paragraph 14.

You cannot speak at the hearing if you do not comply with the procedure explained in Paragraph 14.

| **18.** | **What happens if I do nothing at all?** |

You are not required to do anything to get the benefit of the prospective relief. If the proposed Settlement is finally approved, you will be bound by the Court's Final Judgment and the release of claims explained in the Settlement Agreement.

| **19.** | **How do I get more information?** |

This Notice is only a summary of the proposed Settlement. More details about the proposed Settlement, the Effective Date, the deadlines, and your options are available in a longer document called the Settlement Agreement.

You can get a copy of the Settlement Agreement by visiting www.rodriguezsettlement.com. The website also contains answers to common questions about the proposed Settlement, plus other information to help you determine whether you are a Settlement Class Member. In addition, some of the key documents in the case will be posted on the website. If you have questions about this Notice or would like this Notice or the Agreement mailed to you, you may write to the Settlement Administrator, c/o Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402, or call the Settlement Administrator at 1-***-****.

**PLEASE DO NOT CALL OR CONTACT THE JUDGE, THE COURT, ANY COURT PERSONNEL, DEFENDANTS OR DEFENDANTS' COUNSELWITH QUESTIONS CONCERNING THIS LAWSUIT OR NOTICE.**

Dated: _____, 2011

Warren W. Eginton
United States District Judge
For the District of Connecticut

**EXHIBIT A-2**
**TO**
**SETTLEMENT AGREEMENT**
**AND RELEASE**

# LEGAL NOTICE

## If you are an African American, Hispanic or Native American individual for whom Sallie Mae, Inc. or an affiliate or subsidiary of SLM Corporation underwrote or originated a private student loan between September 15, 2003 and (date of preliminary approval order), you may be a Class Member.

Subject to Court approval, a proposed settlement has been reached in a class action lawsuit against Sallie Mae, Inc. ("Sallie Mae") and SLM Corporation (together, "Defendants") for alleged discrimination to Plaintiffs and Settlement Class Members relating to the underwriting and origination of private student loans. The case is known as Rodriguez, et al. v. Sallie Mae, Inc., et al., United States District Court, District of Connecticut (the "Court"), Case No. 3:07-cv-01866-WWE.

### WHO IS A CLASS MEMBER?

You are a Class Member if you are an African American, Hispanic or Native American individual in the United States for whom Sallie Mae or any other affiliate or subsidiary of SLM Corporation underwrote or originated a private student loan between September 15, 2003 and (**date of preliminary approval order**).

The names of other affiliates and subsidiaries of SLM Corporation covered by the settlement are reflected in a long-form notice of the settlement, which you can obtain by calling the Settlement Administrator at 1-800-***-**** or by visiting the website, www.rodriguezsettlement.com. In addition, the release of claims, which includes other entities and individuals, is contained in the Settlement Agreement. You can obtain a copy in the same ways.

### WHAT ARE THE BENEFITS?

The Settlement provides for prospective relief. Defendants have agreed not to use a certain factor, the federal cohort default rate, in underwriting or originating private student loans from March 2010 through July 1, 2011. Defendants also have agreed to provide certain disclosures and/or information regarding the underwriting factors used in setting interest rates and fees on private student loans. These disclosures and/or information will be provided for a period of at least three (3) years on the private student loan homepage of Sallie Mae's website. Additional disclosures will be provided in the event that Sallie Mae elects to resume use of the cohort default rate before March 29, 2013.

Further, Defendants have agreed to make a cy pres contribution in the amount of $500,000 to be divided equally between the United Negro College Fund and the Hispanic College Fund for the purpose of providing scholarships to students pursuing higher education.

The Settlement also contemplates the payment by Defendants of attorneys' fees and expenses in an amount not to exceed $1,800,000 and incentive awards to the Plaintiffs in an amount not to exceed $3,000 each. The attorneys' fees and incentive awards are subject to Court approval.

There will be no monetary recovery for Settlement Class Members. However, if you have actual money damages, you retain the right to file a lawsuit on your own.

### WHAT ARE YOUR RIGHTS?

**If you object to the settlement,** you or your lawyer have the right to appear before the Court and present your arguments. If you choose to appear through an attorney, you are responsible for paying that attorney. Written objections must be postmarked by (**date**), and contain certain information. You will be bound by the terms of the Settlement even if your objection is rejected.

**If you do nothing**, you will revoke any rights to sue the Defendants for declaratory or injunctive relief based on Defendants' use of school-specific pricing practices in the underwriting or origination of private student loans. You will be considered part of the Settlement Class, and you will be bound by the Court's decisions.

Even **if you do nothing**, though, you retain your right to sue for actual money damages or other monetary relief in a separate lawsuit. Claims for monetary relief are not covered by the Settlement.

The Court will hold a Fairness Hearing to consider if the settlement is fair, reasonable and adequate, and should be granted final approval on (**date of fairness hearing**). At that time, Class Counsel will also ask the Court for approval of their request for attorneys' fees, costs, expenses and incentive awards to the Plaintiffs. More information about the Fairness Hearing, and the information required to make an objection, may be found on the settlement website, www.rodriguezsettlement.com.

### WHO REPRESENTS YOU?

The Court has appointed John A Yanchunis of the law firm of James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A., and Christa L. Collins of the law firm of Christa L. Collins LLC, as Co Class Counsel

This Notice is only a summary. Complete details describing your rights and options can be obtained by calling the Settlement Administrator at 1-800-***-**** or by visiting the website, www.rodriguezsettlement.com.

**EXHIBIT B TO**

**SETTLEMENT AGREEMENT**

**AND RELEASE**

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SASHA RODRIGUEZ and CATHELYN GREGOIRE, on behalf of all persons similarly situated, | ) ) ) | CIVIL NO. 3:07-cv-01866-WWE |
| | ) | [PROPOSED] CLASS ACTION |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SALLIE MAE, INC. and SLM CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE CLASS**

WHEREAS, a putative class action is pending in this Court entitled <u>Sasha Rodriguez and Cathelyn Gregoire v. Sallie Mae, Inc. and SLM Corporation</u>, Case No. 3:07-cv-01866-WWE (the "Action");

WHEREAS, the parties to the Action have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 6 below) and a hearing, to settle this Action upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

1.  <u>Preliminary Approval Of Proposed Settlement</u>.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that:  (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2.  <u>Class Certification For Settlement Purposes Only</u>.  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All African American, Hispanic or Native American individuals for whom Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation underwrote or originated a private student loan between September 15, 2003 and [**date of Preliminary Approval Order**].

The other affiliates and subsidiaries of SLM Corporation covered by the Settlement are: Sallie Mae Servicing LP; SLM DE Corporation; Sallie Mae Bank; SLM Financial Corporation; Nellie Mae Corporation; Student Loan Finance Association – Washington, Inc.; Student Loan Finance Association, Inc.; Sallie Mae Education Trust; SLM Education Loan Corporation; AMS Education Loan Trust; Academic Management Services Corporation; and HICA Education Loan Corporation.

- 2 -

In connection with this conditional certification, the Court makes the following preliminary findings:

        (a)     The Settlement Class appears to be so numerous that joinder of all members is impracticable;

        (b)     There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

        (c)     Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

        (d)     Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

        (e)     For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

        (f)     For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

        3.     <u>Class Representatives</u>.  Plaintiffs are designated as class representatives for the Settlement Class.

        4.     <u>Class Counsel</u>.  The Court appoints Christa L. Collins of the law firm of Christa L. Collins, LLC, and John A. Yanchunis of the law firm of James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A, as Co-Class Counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

        5.     <u>Settlement Hearing</u>.  A Fairness Hearing shall be held before the Honorable Warren W. Eginton, Courtroom ___, Brien McMahon Federal Building, United States

- 3 -

Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604 on [DATE OF FINAL APPROVAL HEARING], at [TIME], as set forth in the notice to the Settlement Class, to determine whether the Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive award to Plaintiffs and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 9 below. The Fairness Hearing may be postponed, adjourned or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

6. <u>Class Notice</u>. Class Notice shall be provided within thirty (30) days following entry of this Order.

(a) <u>Publication Notice</u>. Rust Consulting, Inc. is approved as the Settlement Administrator. The Settlement Administrator will publish a notice of the Settlement once each in the national editions of Ebony Magazine and People Magazine, Spanish Language Edition as well as Native American Times, in the form of Exhibit A-2 to the Agreement.

(b) <u>Internet Notice</u>. The Claims Administrator will establish and maintain an Internet site using a domain name dedicated to the Settlement -- www.rodriguezsettlement.com -- on which a long-form notice, in the form of Exhibit A-1 to the Agreement, will be posted. The published notice shall direct individuals to the location of the long-form notice. The Settlement web page will be established within five (5) days after the Court's entry of this Order and shall remain active at least until the date of the Final Approval Hearing.

7. <u>Findings Concerning Class Notice</u>. The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object to the Settlement. The Court further finds that the Class

- 4 -

Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

8.     Objections And Appearances.

(a)     Any Settlement Class Member may present a written objection(s), if he or she has any, explaining why the Settlement should not be approved as fair, reasonable and adequate, or why attorneys' fees and expenses to Class Counsel should not be awarded in the amounts requested.  Any Settlement Class Member who wishes to object to any aspect of the Settlement must serve written objection(s) on Class Counsel, Defendants' Counsel and the Settlement Administrator, by first-class mail, no later than 30 days after Class Notice is provided by publication.  The written objections(s) must include:  (i) a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his/her objection(s); (ii) the Settlement Class Member's name, address and telephone number; (iii) any other supporting papers, materials or briefs the Settlement Class Member wishes the Court to consider when reviewing the objection(s); (iv) information identifying the individual objecting as a member of the Settlement Class; and (v) a statement of whether a Settlement Class Member or his or her lawyer will ask to appear at the final approval hearing.

(b)     Settlement Class Members may raise an objection on their own or through attorneys hired at their own expense.  If a Settlement Class Member hires an attorney to represent him or her, the attorney must:  (i) file a notice of appearance with the clerk of court no later than 30 days after Class Notice is provided by publication, or as the Court otherwise may direct; (ii) serve a copy of the notice and objection on Class Counsel, Defendants' Counsel and the Settlement Administrator, by first-class mail, no later than 30 days after Class Notice is

- 5 -

provided by publication, and otherwise comply with the requirements outlined in the Class Notices attached as Exhibits A-1 and A-2 to the Agreement.

9. <u>Further Papers In Support Of Settlement And Fee Application</u>. Any responses to objections to the Agreement and any papers in support of the Settlement and Fee Application shall be filed with the Court on or before the Fairness Hearing.

10. <u>Other Actions Enjoined/Stayed</u>. Pending the Fairness Hearing, and in aid to this Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of Settlement Class Members are enjoined, directly, on a representative basis or in any other capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims against Defendants or any of the other Released Parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

11. <u>Effect of Failure to Approve the Agreement</u>. In the event the Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Defendants for the matters alleged in the Action or for any other purpose;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiffs on any point of fact or law; and

(d) Neither the settlement terms nor any publicly disseminated information

- 6 -

regarding the settlement, including, without limitation, the class notice, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, Defendants' withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

**IT IS SO ORDERED.**

Dated: _____      _____

The Honorable Warren W. Eginton

LA 51416670

# EXHIBIT C TO

# SETTLEMENT AGREEMENT

# AND RELEASE

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SASHA RODRIGUEZ and** | ) | **CIVIL NO. 3:07-cv-01866-WWE** |
| **CATHELYN GREGOIRE, on behalf of** | ) | |
| **all persons similarly situated,** | ) | |
| | ) | **[PROPOSED] CLASS ACTION** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SALLIE MAE, INC. and SLM** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## [PROPOSED] FINAL JUDGMENT

THIS MATTER came before the Court for final approval of the proposed class settlement. The Court has considered all papers filed and proceedings in this matter and held a hearing on _____, 2011, at which time the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and presentations made to the Court at the hearing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The definitions and provisions of the Agreement are hereby incorporated as though fully set forth herein. For purposes of this Final Judgment, all capitalized terms used hereafter shall have the meaning ascribed to them in the Agreement, unless otherwise noted.

2. The Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including all Settlement Class Members.

3. The Court has found that the Settlement Class meets the standards for class certification and hereby approves the Settlement, including the plans for implementation of the settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the

**Formatted:** Font: 8 pt

LA 51416674LA 51416674

Settlement Class Members, within the authority of the parties and as the result of extensive arm's length negotiations.

4.     Accordingly, the Court hereby orders that the Settlement be implemented pursuant to the terms outlined in the Agreement.

5.     Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Settlement Class:

> All African American, Hispanic or Native American individuals for whom Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation underwrote or originated a private student loan between September 15, 2003 and [**date of Preliminary Approval Order**].

The other affiliates or subsidiaries of SLM Corporation covered by the Settlement are: Sallie Mae Servicing LP; SLM DE Corporation; Sallie Mae Bank; SLM Financial Corporation; Nellie Mae Corporation; Student Loan Finance Association – Washington, Inc.; Student Loan Finance Association, Inc.; Sallie Mae Education Trust; SLM Education Loan Corporation; AMS Education Loan Trust; Academic Management Services Corporation; and HICA Education Loan Corporation.

6.     This Final  Judgment does not constitute an expression by the Court of any opinion, position or determination as to the merit or lack of merit of any of the claims or defenses of Plaintiffs, the Settlement Class Members or defendants Sallie Mae, Inc. and SLM Corporation (together, "Defendants").  Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Parties may file the Agreement and/or this Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or

**Formatted:** Font: 8 pt

reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.    This Court hereby dismisses this Action, and as to the Released Claims contained in the Agreement, this Action is dismissed with prejudice

8.    As outlined in the Order Approving Class Counsel's Application for Fees and Expenses, the fees and expenses have been approved. In accordance with the terms of the Agreement, Defendants shall pay to Class Counsel attorneys' fees, costs and expenses as follows:

a.    $_____ will be paid to James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A; and

b.    $_____ will be paid to Christa L. Collins, LLC.

9.    Upon the date this judgment becomes final, Plaintiffs and each Settlement Class Member, on behalf of themselves and each of their respective past, present and future heirs, executors, administrators, trustees, custodians, representatives, agents, attorneys, insurers and assigns, and any person or entity acting on their behalf, by operation of the judgment, will be deemed to have fully and finally released and forever discharged Sallie Mae, Inc. and SLM Corporation and all other subsidiaries or affiliates of SLM Corporation that underwrote or originated private student loans during the Class Period, and each and all of their respective past, present and future officers, directors, employees, agents and representatives, attorneys, insurers, shareholders, independent contractors, vendors and assigns, and all persons and entities acting for or on its or their behalf (collectively, the "Released Parties"), from any and all demands, claims, causes of action, duties, obligations or liabilities for injunctive and declaratory relief, whether based on intentional or disparate impact discrimination, and whether arising under local, state or federal law, Constitution, statute, contract, law, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling) or case law, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or

**Formatted:** Font: 8 pt

unforeseen, actual or contingent, that have been, or could have been, asserted by Plaintiffs and the Settlement Class, or their agents, representatives, successors or assigns, in the Action or any other proceeding or forum arising out of or relating in any way to the use of any school specific pricing criteria, including but not limited to the Cohort Default Rate published by the Department of Education, in the underwriting or origination of private student loans (collectively, the "Released Claims"). The Released Claims shall not include any claims or causes of action for monetary relief or money damages, if any, held by Plaintiffs or Settlement Class Members.

10. Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, become effective against any of the Released Parties. The Court finds that Plaintiffs have, and the Settlement Class Members are deemed to have, knowingly waived California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.

11. In aid to this Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of Settlement Class Members are enjoined, directly, on a representative basis or in any other capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims against Defendants or any of the other Released Parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

12. The Court finds that the program of Class Notice set forth in the Agreement and preliminarily approved by the Court was the best notice practicable under the circumstances. The Class Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Agreement, to all parties entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.

**Formatted:** Font: 8 pt

13.     Without affecting the finality of this Final Judgment in any way, the Court retains continuing jurisdiction over:  (a) implementation of the Agreement until all acts agreed to be performed pursuant to the Agreement have been performed; and (b) all parties to this action and Settlement Class Members for the purpose of enforcing and administering the Agreement.

14.     In the event that the Agreement does not become effective in accordance with its terms, then this Final Judgment shall be vacated, the Settlement Class shall be decertified and the Agreement and all orders entered in connection therewith shall become null and void and of no further force and effect.

**IT IS SO ORDERED.**

Dated: _____     _____

                                                    The Honorable Warren W. Eginton

LA 51416674LA 51416674

**Formatted:** Font: 8 pt