UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SASHA RODRIGUEZ and CATHELYN GREGOIRE, on behalf of all persons similarly situated, ) ) ) | CIVIL NO. 3:07-cv-01866-WWE |
| ) | |
| ) | CLASS ACTION |
| Plaintiffs, ) ) | |
| v. ) ) | |
| SALLIE MAE, INC. and SLM CORPORATION, ) ) ) | |
| ) | |
| Defendants. ) ) | |

**ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE CLASS**

WHEREAS, a putative class action is pending in this Court entitled <u>Sasha Rodriguez and Cathelyn Gregoire v. Sallie Mae, Inc. and SLM Corporation</u>, Case No. 3:07-cv-01866-WWE (the "Action");

WHEREAS, the parties to the Action have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 6 below) and a hearing, to settle this Action upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

1.     <u>Preliminary Approval Of Proposed Settlement</u>.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that:  (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2.     <u>Class Certification For Settlement Purposes Only</u>.  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All African American, Hispanic or Native American individuals for whom Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation underwrote or originated a private student loan between September 15, 2003 and June 20, 2011.

The other affiliates and subsidiaries of SLM Corporation covered by the Settlement are: Sallie Mae Servicing LP; SLM DE Corporation; Sallie Mae Bank; SLM Financial Corporation; Nellie Mae Corporation; Student Loan Finance Association – Washington, Inc.; Student Loan Finance Association, Inc.; Sallie Mae Education Trust; SLM Education Loan Corporation; AMS Education Loan Trust; Academic Management Services Corporation; and HICA Education Loan Corporation.

In connection with this conditional certification, the Court makes the following preliminary findings:

      (a)      The Settlement Class appears to be so numerous that joinder of all members is impracticable;

      (b)      There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

      (c)      Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

      (d)      Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

      (e)      For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

      (f)      For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

      3.      <u>Class Representatives</u>. Plaintiffs are designated as class representatives for the Settlement Class.

      4.      <u>Class Counsel</u>. The Court appoints Christa L. Collins of the law firm of Christa L. Collins, LLC, and John A. Yanchunis of the law firm of James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A, as Co-Class Counsel for the Settlement Class. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

      5.      <u>Settlement Hearing</u>. A Fairness Hearing shall be held before the Honorable Warren W. Eginton, Courtroom 3, Brien McMahon Federal Building, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604 on October 17, 2011, at 10:00 a.m., as

set forth in the notice to the Settlement Class, to determine whether the Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Agreement, the incentive award to Plaintiffs and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 9 below.  The Fairness Hearing may be postponed, adjourned or continued by order of the Court without further notice to the Settlement Class.  After the Fairness Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

      6.     <u>Class Notice</u>.  Class Notice shall be provided as soon as practical following entry of this Order, but no later than August 29, 2011.

          (a)     <u>Publication Notice</u>.  Rust Consulting, Inc. is approved as the Settlement Administrator.  The Settlement Administrator will publish a notice of the Settlement once each in the national editions of Ebony Magazine and People Magazine, Spanish Language Edition as well as Native American Times, in the form of Exhibit A-2 to the Agreement.

          (b)     <u>Internet Notice</u>.  The Claims Administrator will establish and maintain an Internet site using a domain name dedicated to the Settlement -- [www.rodriguezsettlement.com](http://www.rodriguezsettlement.com) -- on which a long-form notice, in the form of Exhibit A-1 to the Agreement, will be posted.  The published notice shall direct individuals to the location of the long-form notice.  The Settlement web page will be established within five (5) days after the Court's entry of this Order and shall remain active at least until the date of the Final Approval Hearing.

      7.     <u>Findings Concerning Class Notice</u>.  The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object to the Settlement.  The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons

entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

        8.        <u>Objections And Appearances</u>.

        (a)        Any Settlement Class Member may present a written objection(s), if he or she has any, explaining why the Settlement should not be approved as fair, reasonable and adequate, or why attorneys' fees and expenses to Class Counsel should not be awarded in the amounts requested.  Any Settlement Class Member who wishes to object to any aspect of the Settlement must serve written objection(s) on Class Counsel, Defendants' Counsel and the Settlement Administrator, by first-class mail, no later than September 30, 2011.  The written objections(s) must include:  (i) a detailed statement of the Settlement Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his/her objection(s); (ii) the Settlement Class Member's name, address and telephone number; (iii) any other supporting papers, materials or briefs the Settlement Class Member wishes the Court to consider when reviewing the objection(s); (iv) information identifying the individual objecting as a member of the Settlement Class; and (v) a statement of whether a Settlement Class Member or his or her lawyer will ask to appear at the final approval hearing.

        (b)        Settlement Class Members may raise an objection on their own or through attorneys hired at their own expense.  If a Settlement Class Member hires an attorney to represent him or her, the attorney must:  (i) file a notice of appearance with the clerk of court no later than September 30, 2011, or as the Court otherwise may direct; (ii) serve a copy of the notice and objection on Class Counsel, Defendants' Counsel and the Settlement Administrator, by first-class mail, no later than September 30, 2011, and otherwise comply with the requirements outlined in the Class Notices attached as Exhibits A-1 and A-2 to the Agreement.

9.     <u>Further Papers In Support Of Settlement And Fee Application</u>.  Any responses to objections to the Agreement and any papers in support of the Settlement and Fee Application shall be filed with the Court on or before the Fairness Hearing.

10.    <u>Other Actions Enjoined/Stayed</u>.  Pending the Fairness Hearing, and in aid to this Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of Settlement Class Members are enjoined, directly, on a representative basis or in any other capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims against Defendants or any of the other Released Parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

11.    <u>Effect of Failure to Approve the Agreement</u>.  In the event the Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)    The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Defendants for the matters alleged in the Action or for any other purpose;

(c)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiffs on any point of fact or law; and

(d)    Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notice, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, Defendants' withdrawal from the settlement, any failure

of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

**IT IS SO ORDERED.**

Dated:  6/20/2011                              /s/
                                               The Honorable Warren W. Eginton